FILED
CHARLOTTE, NC
OCT - 9 2025
US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Jacob Smith<br>Plaintiff,<br><br>Jury Trial Demand | Equifax, Inc.<br>Defendant,<br><br>Case Number: 3:25-cv-778-KDB |

## COMPLAINT INTRODUCTION

1. Plaintiff Jacob Smith, brings this civil action against Equifax, Inc. seeking compensation and resolution for violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA").

## VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction over the alleged violation in this complaint, pursuant to 15 U.S.C. 1681p.

3. Defendant Equifax is a consumer reporting agency subject to the requirements of the FCRA and is therefore subject to the jurisdiction of this Court.

4. The current venue is accurate. Jacob Smith resides in the Western District of North Carolina and the violation alleged occurred in this District.

## IDENTIFICATION OF PARTIES INVOLVED

5. Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW, Atlanta, GA 30309. Their registered agent is Prentice-Hall Corporation System, Inc. Their business address for service is 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

6. Equifax is Consumer Reporting Agency ("CRA") as described in 15 U.S.C. 1681a(f). They are in the business of analyzing, compiling and furnishing credit and consumer data. Following these activities, Equifax is subject to the requirements of the FCRA and is aware of their statutory obligations.

7. Mr. Smith is a natural person and a Consumer as defined in the FDCPA, specifically in 15 U.S.C. 1681a(c).

## FACTUAL ALLEGATIONS AGAINST EQUIFAX

8. On August 30th, 2024, Mr. Smith inquired, applied and got approved for an account with WYNDHAM VACATION RESORTS.

9. A few months into owning the account. Mr. Smith started noticing the Wyndham account on his credit report was not reporting complete and accurate information to his credit report.

10. In an attempt to rectify this issue, Mr. Smith made multiple phone calls, sent letters and emails to Wyndham. Notifying them of this issue.

11. Coming to no resolution, Mr. Smith came up with a new plan to gather all of the information in his possession regarding the Wyndham account and compare/contrast the information that was being reported to his credit report.

12. Once Mr. Smith came up with this plan on September 22, 2025. He applied for his credit disclosure from Equifax. This disclosure had a confirmation #5265598514

13. After reviewing the information provided by Equifax. Mr. Smith came to notice Equifax did not disclose all of the information about Mr. Smith that they had in their file.

14. Mr. Smith knows the omitted information does in fact exist.

15. Specifically, Equifax omitted the Account Number, Credit Limit, Date of 1st Delinquency, Date Major Delinquency 1st Reported, Amount Past Due, Charge Off Amount, Date Closed, Activity

Designator, Deferred Payment Start Date, Balloon Payment Amount, Balloon Payment Date, Payment History for August 2024, July 2025, Payment History for March 2025, Scheduled Payment Amount for August 2024, Actual Payment history for September 2024, Any Past Due Amount history and any Credit Limit History.

16. Mr. Smith believes this account to be inaccurate and incomplete. However he needed all payment history, account numbers, balance history and all other account information tied to this account to make a detailed, self investigation and dispute.

17. Due to Equifax's blatant, intentional and deceptive omissions. Mr. Smith was deprived of his ability to make an honest dispute of the information in Equifax's file.

18. Solely based on the information Equifax did provide, Mr. Smith found multiple indications and contradictory information that shows Equifax did not disclose all information in their file at the time of his request, directly in violation of 15 U.S.C. 1681g(a)(1).

19. Specifically, in Equifax's disclosure under the 24 Month History section, they show that Mr. Smith made an Actual Payment Amount of $1,934 in August 2024. However when you look under the Payment

History section for the month of August 2024, it shows a "-" providing no data.

20. The fact that Equifax shows an exact amount paid in one section of the disclosure, while simultaneously showing no payment was made. Is contradicting and a clear indication that Equifax did not disclose all information they had on Mr. Smith.

21. Similarly in the payment history section. Equifax does not show any data for July or August of 2025. Mr. Smith did submit payment for both of these months. Giving a stronger allegation that Equifax did not disclose all information in their file.

22. This information was a necessity for Mr. Smith. Without information for the omitted sections. Mr. Smith was forced to play a guessing game, not knowing if the account was delinquent, closed, up to date or showing accurately. Therefore he was not able to compile a genuine dispute letter.

23. This violation of 15 U.S.C. 1681g(a)(1), has caused Mr. Smith a great amount of stress, anxiety, confusion, anger, sadness, lack of sleep, lack of focus at work, anxiety about money, income and payments towards this account, statutory right deprivation, adverse results

when applying for credit, doubts about the security of his financial future amongst many other negative emotions.

24. Equifax's violation has caused a great amount of harm to the Plaintiff. Including but not limited to mortgage denials, statutory rights deprivation, reputational tarnishment, financial hardships, disproportionate adverse results when applying for extensions of credit, a deterrence of involvement in the credit industry which was intended to be fair, worry of his credit rating being subject to irrevocable damage and irreparable inaccuracies, anxiety pertaining to his financial and personal future, fear in operating in an economy that is so reliant on a consumer's credit history, amongst many other negative emotions.

25. The wording that congress decided to use was done intentionally. This statute describes that a consumer reporting agency should clearly and accurately disclose all information, according to 15 U.S.C. 1681g(a) every consumer reporting agency shall, upon request, ... clearly and accurately disclose to the consumer (1) All information in the consumer's file at the time of the request.

26. The information provided to Mr. Smith in his September disclosure was not clear, as it was missing a multitude of

information. It was not accurate because they did not show accurate or up to date payment history. Lastly it was not complete because it was missing 38 sections of information on the Wyndham account alone.

27. Considering Mr. Smith's knowledge, payment records and information about the Wyndham account. He alleged that Equifax did not comply with the provisions of 15 U.S.C. 1681g(a)(1).

28. Upon Mr. Smith's research, annualcreditreport.com is an Equifax sponsored source for consumers to get access to their credit report one every 7 days through Central Source, LLC.

29. This is a platform that provides automated disclosures instantaneously. Sourced from Equifax themselves.

30. All incomplete and inaccurate information provided came directly from Equifax. As they are aware of their statutory requirement under 15 U.S.C. 1681g(a)(1), their omissions are intentional and willful. They often use software systems such as E-Oscar, ACDV, AUD and other Metro 2 ® forms of communication to process consumer disputes and consumer credit information.

31. In addition to their automated systems, they upon information outsource all disputes and internal processes to employees/affiliates that are overseas.

32. Equifax's common "hands off" approach to processing disputes, providing disclosures and other consumer credit information is the cause of their constant violations of the FCRA. Mr. Smith believes the omitted information was not only in their possession, but intentionally omitted to save revenue or automate their internal procedures.

33. This kind of conduct not only harms Mr. Smith, but sets the standard for every single person who applies for their consumer disclosure through annualcreditreport.com. Likely impacting millions of consumers.

34. In conclusion, Mr. Smith alleges that Equifax did not maintain reasonable procedures to ensure maximum possible accuracy, did not disclose all information in his file at the time of request, intentionally omitted information as a "business decision" and caused him emotional, mental, financial and reputational damage.

# CLAIM FOR RELIEF AGAINST EQUIFAX FOR VIOLATING 15 U.S.C. 1681g(a)(1)

35. Mr. Smith states and incorporates all paragraphs as if fully stated in this complaint.

36. Equifax violated 15 U.S.C. 1681g(a)(1) in their September disclosure by providing an incomplete, inaccurate disclosure

37. Following the civil liability sections of the FCRA, specifically 15 U.S.C. 1681n, Equifax is liable to Mr Smith actual damages, statutory damages per violation.

38. Mr. Smith respectfully requests that the Honorable Court enter judgment against Equifax for:

    1. Statutory damages of $1,000 per each section of incomplete information.
    2. Actual damages Mr. Smith experienced from Equifax.
    3. Such other relief that this Court deems just and proper.

Jacob Smith
8313 Houndstooth Dr
Charlotte, NC 28227
Jacob.d.smith01929@gmail.com

*/s/ Jacob Smith*